IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

      v.                       06-cr-170-bbc-01

GRAYLAND T. HARVEY, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Grayland T. Harvey, Jr.'s supervised release was held on November 6, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Michael D. Harper.

From the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 14, 2007, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the

Bureau of Prisons to serve a term of imprisonment of 35 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on May 22, 2009. He violated Standard Condition No. 7, which prohibited him from purchasing, possessing, using, distributing or administering any narcotic or other controlled substance or any paraphernalia related to such substances except as prescribed by a physician, when he tested positive for marijuana use in June, July, August, September, and October 2009.  He further violated this condition when he tested positive for cocaine use on October 2, 2009.

## CONCLUSIONS

Defendant's violations require revocation. 18 U.S.C. § 3583(g)(4) mandates revocation of the term of supervised release if, as a part of drug testing, defendant tests positive for illegal controlled substances more than three times over the course of one year. In less than six months, defendant has tested positive for controlled substances seven times.

Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline term of imprisonment range of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant

2

was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to take into account defendant's substance abuse and hold him accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 14, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of four months. An 18-month period of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following special conditions:

> Special Condition No. 4: Defendant shall abstain from all alcohol use and not enter any establishment whose primary business is the sale of alcoholic beverages.

> Special Condition No. 5: Defendant is to spend up to 90 days in a residential re-entry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Entered this 6th day of November 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> Chief District Judge