IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       Plaintiff,           ORDER

    v.                06-cr-170-bbc-01

GRAYLAND T. HARVEY, JR.,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  A hearing on the probation office's petition for judicial review of Grayland T. Harvey, Jr.'s supervised release was held on January 13, 2011, before U. S. District Judge Barbara B. Crabb.  The government appeared by Assistant U. S. Attorney Timothy M. O'Shea. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma.  Also present was Senior U. S. Probation Officer Michael D. Harper.

  From the record and defendant's stipulation, I make the following findings of fact.

FACTS

  Defendant was sentenced in the Western District of Wisconsin on February 14, 2007, following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  This offense is a Class C felony.  He was committed to the custody of the

Bureau of Prisons to serve a term of imprisonment of 35 months, with a 36-month term of supervised release to follow.

On May 22, 2009, defendant began his term of supervised release. On November 6, 2009, I revoked the term of supervised release because defendant had been using marijuana. Defendant was sentenced to a four-month term of imprisonment, with an 18-month term of supervised release to follow.

On February 12, 2010, defendant's second term of supervised release commenced. On March 2, 2010, defendant reported to Attic Correctional Services' Schwert House to commence his 90-day residential reentry center placement. On or about July 20, August 2, September 20, October 27, November 5, November 23, November 29 and December 13, 2010, defendant violated Standard Condition No. 7, prohibiting him from purchasing, possessing, using, distributing or administering any narcotic or other controlled substances, when he used marijuana, as shown by his positive urine specimens.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

18 U.S.C. § 3583(g)(4) requires revocation of the term of supervised release if the

2

defendant tests positive for the use of controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(d) allows the court to consider whether available treatment and the individual's participation in treatment warrant an exception to mandatory revocation. I am persuaded that in this case it does not. The 18-month term of supervised release imposed on defendant on November 6, 2009, will be revoked. However, defendant has shown a positive adjustment recently and he has taken steps to be compliant with his conditions of supervised release. Therefore, I will sentence him below the advisory guideline range.

    Defendant's criminal history category is III. With a grade C violation he has an advisory guideline range of imprisonment of 5 to 11 months, if supervised release is revoked. The statutory maximum to which he can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. Such a sentence is reasonable and necessary to hold defendant accountable for his violations while providing him an opportunity to continue under supervision.

ORDER

It is ordered that the term of supervised release imposed on November 6, 2009, is revoked and defendant is committed to the custody of the Bureau of Prisons for a term of one day. Defendant is to receive one-day's credit for confinement for his appearance in court today. A 12-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the exception of the halfway house placement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration and supervision.

Entered this 13th day of January, 2011.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
U.S. District Judge

4